J-S01005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FRANCIS X. MURRAY, | : | |
| | : | |
| Appellant | : | No. 615 EDA 2015 |

Appeal from the Order February 4, 2015
in the Court of Common Pleas of Chester County,
Civil Division, No. 2010-05712

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:

**FILED MARCH 08, 2016**

Francis X. Murray ("Murray") appeals from the Order granting summary judgment against him and in favor of JP Morgan Chase Bank., N.A. ("JPM"), in this mortgage foreclosure action.  We affirm.

In a prior appeal, this Court summarized the history of this case as follows:

> The original plaintiff that commenced this action on May 6, 2010[,] was Deutsche Bank National Trust Co.[,] as Trustee for Washington Mutual Mortgage Securities Corp. 2000-1 ("Deutsche Bank").  The Complaint identified the mortgagee as Great Western Bank d/b/a Sierra Western Mortgage Company. Complaint in Mortgage Foreclosure ("Complaint") at 1 ¶1(a). The Complaint alleged that the parties entered into the Mortgage on August 22, 1997.  ***Id.*** at 1 ¶1(b).  The Mortgage was recorded in Chester County on October 2, 1997.  ***Id.*** at 2 ¶1(c).
>
> The Complaint listed a pair of assignments of the Mortgage as follows:
>
>> Assignor:  Great Western Bank dba Sierra Western Mortgage Company

> Assignee: Deutsche Bank National Trust Company Americas
> Date of Assignment: August 15, 2000
> Recording Date: July 27, 2007
> Book: 7223
> Page: 955
>
> Assignor: Deutsche Bank National Trust Company Americas
> Assignee: [Deutsche Bank]. The assignment is in the process of being formalized.

*Id.* at 2 ¶1(d) (for sake of convenience, hereinafter we refer to these assignments, respectively, as the "Deutsche Bank Assignment" and the "WaMu Assignment"). [Deutsche Bank] identified itself in the alternative as "either the original Mortgagee named in the Mortgage, the legal successor in interest to the original Mortgagee, or . . . the present holder of the [M]ortgage by virtue of the above-described Assignment(s)." *Id.* at 2 ¶2.

The Complaint also averred that "[e]ach Mortgagor named in paragraph 1 executed a note as evidence of the debt secured by the Mortgage (the "Note")," *id.* at 2 ¶4, and attached the Note to the Complaint as [E]xhibit B. The Note was executed to the benefit of "Great Western Bank, a Federal Savings Bank [d]oing [b]usiness as Sierra Western Mortgage Company." *Id.* Exh. B. In the form in which it was attached to the Complaint, the Note showed no indorsements, nor was any allonge[FN] attached for the purpose of noting any indorsements or assignments.

---

[FN] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary 76 (Deluxe 7th ed.).

---

The Complaint alleged that Murray as mortgagor had defaulted on his obligations under the Mortgage as of September 1, 2009, and remained in default through April 30, 2010. *Id.* at 2 ¶7. The Complaint alleged damages in default consisting of installment payments, interest, late charges, escrow advances, and other costs and fees totaling $763,113.02. The Complaint further asserted ongoing interest ... with additional fees, costs, and expenses collectible under the Mortgage and Note. *Id.* at 3

¶¶ 8-9.

On June 8, 2010, Murray filed a "Preliminary Objection in the Form of [a] Motion to Dismiss the Complaint" ("PO")….

The trial court denied Murray's PO in its entirety by an order entered on September 27, 2010.  Therein, the trial court denied Murray's challenge to standing ….

…

On October 18, 2010, Murray filed his Verified Answer to Complaint in Mortgage Foreclosure, with New Matter ("Answer & New Matter")….

Thereafter, the parties engaged in discovery, following which[, on January 12, 2012,] [JPM] filed a motion for summary judgment.  Murray filed his response to same.  [On March 8, 2012, JPM filed a Praecipe to substitute itself for Deutsche Bank.]  On March 26, 2012, the trial court entered [an] order … granting [JPM's] motion for summary judgment and entering the aforesaid judgment *in rem* against Murray.

*J.P. Morgan Chase Bank. N.A. v. Murray*, 63 A.3d 1258, 1258-60 (Pa. Super. 2013) (footnote in original).  Murray filed an appeal of the trial court's grant of summary judgment.  That appeal, docketed at number 980 EDA 2012 ("the prior appeal"), was assigned to a three-judge panel of this Court.  *See id.*

In the prior appeal, Murray claimed that JPM lacked standing to continue the foreclosure action and that JPM's verification of the Complaint was defective pursuant to Pa.R.C.P. 1024(c).  *Murray*, 63 A.3d at 1261. Upon review, the panel reversed the grant of summary judgment in favor of JPM, concluding that

- 3 -

[JPM] has failed to establish possession of the original Note, indorsed in blank, and therefore has failed to establish that it or any of its putative predecessor holders of the Note have or had the right to maintain an action in foreclosure upon Murray's alleged default of his obligations under the Note. The parties disagree as to whether the Note produced for Murray's inspection in fact was the original Note, and, if so, whether the loose allonge also provided for Murray's inspection was, itself, an original, and in fact purported to indorse the original Note in blank. This presents a genuine issue of material fact that, absent further discovery sufficient to resolve the conflict as a matter of law (upon whatever basis might apply), must be resolved by a fact-finder following the presentation of the available documentary and testimonial evidence. Accordingly, we reverse the trial court's entry of summary judgment in favor of [JPM] and remand for further proceedings.

…

[I]in addition to reversing the trial court's order granting [JPM] summary judgment, we must vacate the trial court's order permitting [JPM] to substitute itself as a party for the alleged predecessor holders of the Mortgage and Note, without prejudice to [JPM] to seek Rule 2352(a) substitution thereafter upon due confirmation that [JPM] is the party in interest in this action, whether by succession or otherwise.

*Id.* at 1268-69 (footnote omitted). Regarding Murray's challenge to the verification attached to the Complaint, the panel concluded as follows:

[T]he verification's omission of all material requirements of Rule 1024(c) not only is deficient, but approaches the level of deficiency identified in [**Atlantic Credit & Finance v.**] **Giuliana**[, 829 A.2d 340 (Pa. Super. 2003),] as perhaps not even warranting an opportunity to amend the pleading to correct the error, based upon the fact that no effort whatsoever was made to satisfy Rule 1024(c). However, given the various uncertainties in this case, and even in the presence of such an obvious violation of both the letter and the spirit of Rule 1024, we are loath to deny *ex cathedra* [JPM's] opportunity to amend its verification. Thus, on remand the trial court may, in its discretion, furnish any plaintiff deemed proper in this matter the opportunity to offer a new verification under Rule 1024, either by

> a representative of the duly named plaintiff or by any other person who is qualified to attest to the satisfaction of Rule 1024(c)'s precisely delineated requirements. However, the Complaint must duly be verified if this litigation is to proceed.

*Id.* at 1270. Thus, the panel reversed the Order of the trial court and remanded the matter for further proceedings. *Id.* at 1271.

Upon remand, on June 28, 2013, the original plaintiff, Deutsche Bank petitioned to substitute JPM as the plaintiff. Murray filed an Answer to the Petition. After an evidentiary hearing,[1] the trial court granted Deutsche Bank's Petition, substituting JPM as the plaintiff in the mortgage foreclosure action.

On January 29, 2014, JPM filed a Petition for leave to amend the Complaint ("Petition to Amend") to correct the verification and revise the amounts claimed due and owing by Murray. Murray filed an Answer to the Petition to Amend. On April 29, 2014, the trial court granted the Petition to Amend, after which JPM filed its Amended Complaint and verification.

On October 16, 2014, JPM filed a Motion for Summary Judgment. On February 4, 2015, the trial court granted JPM's Motion, and entered an *in rem* judgment against Murray in the amount of $1,056,222.96, plus interest,

---

[1] In its Opinion, the trial court explained that "[t]he original collateral file was in court for the [evidentiary] hearing, was used by the witnesses during testimony, and was inspected by Murray and his attorney. The original collateral file was identified and admitted as [Exhibit] P-2, but was returned to JPM's attorney at the end of the hearing." Trial Court Opinion, 4/13/15, at 4 n.9. This file included the original Note and Mortgage. *Id.* at 4. The trial court further observed that "[t]he original allonge, indorsed in blank, was stapled to the original Note at the hearing." *Id.* at 4 (footnote omitted).

costs and charges. Thereafter, Murray filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Murray now presents the following issues for our review:

A. Did the trial court follow the Superior Court's instruction to require [JPM] to duly verify its Complaint in conformance to Pa.R.C.P. 1024 before the case could move forward?

B. Because [Deutsche Bank] did not duly verify its Complaint before making its Petition to Substitute, should [Deutsche Bank's] Petition to Substitute have been dismissed because its averments were new, and as such, required [v]erification pursuant to Pa.R.C.P. 206.3?

C. Do the following constitute disputed or established issues of fact which preclude summary judgment: 1) [JPM's] Petition [that] states the captioned plaintiff trust is incorrect; 2) [t]he purported original Note provided for Murray's inspection was not indorsed in blank; 3) [n]o evidence [that] a loose allonge provided for Murray's inspection is [the] original or appurtenant to the purported original Note; 4) [c]ounsel spoliated Note evidence, representing [an] invalid endorsement; 5) [t]he copy of the Note attached to the Complaint …, and[] and three other pleadings, represented in each case to be a true and correct copy of the original, is not indorsed in blank and not identical to the purported original Note presented to the trial court at the hearing … ;] and[] 6) [a] non-party was in possession of the purported original Note on the date of the Complaint? Further, do the following constitute errors of law which preclude summary judgment: [(a) t]he [trial c]ourt found an allonge affixed by [c]ounsel following Murray's inspection (and prior to the evidentiary hearing) constituted a valid indorsement of the Note, making JPM [the] holder of the Note, and [(b) t]he [trial c]ourt found, alternatively, JPM was [a] non[-]holder with the rights of a holder?

Brief for Appellant at 4-5.

Initially, we are cognizant of our scope and standard of review:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murray*, 63 A.3d at 1261-62 (citation omitted).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 586 (Pa. Super. 2013).

Murray first claims that the trial court, on remand, ignored this Court's directives. Brief for Appellant at 7. Murray asserts that the Superior Court had directed the then-named plaintiff, Deutsche Bank, to correct its deficient verification. *Id.* According to Murray, the trial court improperly entertained JPM's Motion to Substitute, conducting an evidentiary hearing "to determine the rights of a non-party[, JPM,] whose substitution foundation is an alleged

transaction occurring nine months after this action was filed[.]" ***Id.*** Murray contends JPM's Petition to Substitute should not have been considered prior to Deutsche Bank filing a new verification and, accordingly, the case should have been dismissed. ***Id.***

Our review of the record of the prior appeal discloses no such narrow directive from this Court. In fact, the panel expressly anticipated further development of the record, so as to establish the appropriate plaintiff, and to allow the appropriate plaintiff to establish possession of the original Note and the original allonge, indorsed in blank.[2] ***Murray***, 63 A.3d at 1268. The panel reversed the Order granting summary judgment, "without prejudice to [JPM]'s right to seek summary judgment following **further development of the record.**" ***Id.*** (emphasis added). Further, the panel explained that

> a question necessarily remains as to whether [JPM] properly was permitted to substitute itself as plaintiff-successor in the underlying action pursuant to Pa.R.C.P. 2352(a). A successor is "anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action." Pa.R.C.P. 2351. If [JPM] were unable to establish its possession of the Note on remand, it would have to establish successor status by other means. Accordingly, in addition to reversing the trial court's order granting [JPM] summary judgment, we must vacate the trial court's order permitting [JPM] to substitute itself as a party for the alleged predecessor holders of the Mortgage and Note, without prejudice to [JPM] to seek Rule 2352(a) substitution thereafter upon due confirmation that [JPM] is the party in interest in this action, whether by succession or otherwise.

---

[2] As this Court concluded in the prior appeal, the Note at issue is a negotiable instrument governed by Pennsylvania's Uniform Commercial Code, 1101-9809 ("PUCC"). ***Murray***, 63 A.2d at 1266.

- 8 -

*Id.* at 1268-69 (footnote omitted).

In addressing the sufficiency of Deutsche Bank's verification, the panel again recognized that the appropriate plaintiff must be ascertained on remand:

> [O]n remand the trial court may, in its discretion, furnish **any plaintiff deemed proper in this matter** the opportunity to offer a new verification under Rule 1024, either by a representative of the duly named plaintiff or by any other person who is qualified to attest to the satisfaction of Rule 1024(c)'s precisely delineated requirements. However, the Complaint must duly be verified if this litigation is to proceed.

*Murray*, 63 A.3d at 1271 (emphasis added).

Thus, this Court expressly recognized that on remand, the trial court must ascertain the appropriate plaintiff, and that further proceedings may be necessary to do so. *See id.* The trial court's consideration of the Petition to Substitute in no way violated this Court's directive upon remand. As we discern no error or abuse of discretion by the trial court in this regard, we cannot grant Murray relief on his claim.

Murray next claims that the trial court improperly granted summary judgment where Deutsche Bank's Petition for substitution was "deficiently verified." Brief for Appellant at 23. Murray presents a circular argument in this regard: "Because Deutsche Bank did not duly verify its Complaint before filing its Petition [to Substitute], the averments in its Complaint are mere narration and amount to nothing, making averments in its Petition technically new." *Id.* Murray argues that he preserved this issue by filing

an Answer denying that JPM had the right to pursue substitution or to move the litigation forward. *Id.* at 25.

In its Opinion, the trial court addressed this claim and concluded that it lacks merit. Trial Court Opinion, 4/13/15, at 6-8. We agree with the sound reasoning of the trial court, as expressed in its Opinion, and affirm on this basis with regard to Murray's claim.[3] *See id.*

Finally, Murray challenges the trial court's grant of summary judgment in favor of JPM. Murray claims that the chain of mortgage assignments is "irregular." *See* Brief for Appellant at 32. Murray asserts that the allonge was loose during his inspection of the Note in 2011, *see id.* at 36; there is no evidence that the allonge existed before his December 2011 inspection, *see id.* at 42; the re-stapling of the allonge to the Note by JPM's counsel is spoliation of the evidence, *see id.* at 46; JPM is a non-holder in possession of the Note, *see id.* at 50; the Note in the collateral file is not identical to the Note attached to Deutsche Bank's Complaint, *see id.* at 53-54; and that on the date of Deutsche Bank's Complaint, it did not hold the Note, *see id.* at 56.

---

[3] Our review of the record discloses that Murray did not object to the verification attached to the Petition to Substitute, or raise this issue in his Answer to the Petition. Rather, Murray first raised this specific objection in his Pa.R.A.P. 1925(b) Concise Statement. We therefore discern no error by the trial court in concluding that this issue is waived. *See* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal).

In its Opinion, the trial court addressed this claim and concluded that it lacks merit. Trial Court Opinion, 4/13/15, at 4-6. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis. *See id.* We additionally observe the following.

As this Court previously held, the Note in this case is a negotiable instrument and subject to the PUCC. *Murray*, 63 A.3d at 1265. "The note as a negotiable instrument entitles the holder of the note to enforcement of the obligation." *CitiMortgage, Inc. v. Barbezat*, 2016 PA Super 7, 2016 Pa. Super. LEXIS 8, *9 (citing 13 Pa.C.S.A. §§ 3109(a), 3301).

> Should [JPM] successfully establish that it holds the original Note, and that it is indorsed in blank [or specially indorsed], under the [PUCC] it will be entitled to enforce the Note [as a negotiable instrument] ... even if there remain questions as to the chain of possession of the [n]ote from the time of its making to its arrival in [JPM's] figurative hands.

*Murray*, 63 A.3d at 1268. Therefore, Murray's challenges to the chain of possession and assignments of the Note are immaterial to the Note's enforceability. *Id.* at 1266.

At the evidentiary hearing on the Petition to Substitute, William Rodriguez ("Rodriguez") the lending research officer for JPM, testified regarding the original Note and the allonge. N.T., 10/25/13, at 8. Rodriguez testified that he had inspected the "collateral file," which included the original Note and original Mortgage. *Id.* at 9. The collateral file presented to Murray and examined by the trial court included the original

Note. *Id.* at 12-13. Further, an audit form in the collateral file identified the Note in the collateral file as the original Note. *Id.* at 13.

Rodriguez explained that the contents of the collateral file are scanned, and that the allonge could not be scanned unless detached from the original Note. *Id.* at 14. Rodriguez testified that an allonge in a collateral file belongs with the Note in that file. *Id.*

Rodriguez expressly testified that the allonge at issue "has always been affixed to the [N]ote in different forms [and] in different fashions." *Id.* at 29-30. Rodriguez explained that in all scans, the Note included the allonge. *Id.* at 32. Rodriguez testified, "[a]ll our systems show all copies of the [N]ote are with the allonge. So when they were scanned, they were scanned together…. When [JPM was] in possession of the file, the allonge was affixed according to the scanning of the loan." *Id.*

Murray disputes whether the allonge was always stapled or attached to the Note, but has presented no evidence disputing that the Note and allonge in the collateral file are the original Note and allonge. Further, Murray does not dispute that the allonge in the collateral file is indorsed in blank. Our review discloses no evidence disputing that JPM is the holder of the Note indorsed in blank. *See Murray*, 63 A.3d at 1266-67 (stating that, in a foreclosure action, where a plaintiff establishes that it is the holder of a promissory note, indorsed in blank, it has standing to enforce the note and any accompanying mortgage). As there remained no genuine issue of

material fact, and because the trial court's legal conclusions are sound, we discern no abuse of discretion or error by the trial court in granting summary judgment in favor of JPM.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016