J-A23002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, S/B/M ALLIANCE BANK | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| 7327A WEST CHESTER PIKE, LP; 7329 WEST CHESTER PIKE, LP; 7331 WEST CHESTER PIKE, LP; JAMES P. DUFFY; KATHLEEN M. DUFFY; JOHN F. JOYCE; AND COLLEEN A. ATCHASON JOYCE, | : : : : : : : : : : : : : : | No. 220 EDA 2017 |
| APPEAL OF:  JAMES P. DUFFY JR. AND KATHLEEN M. DUFFY | : : | |

Appeal from the Order Entered December 21, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2015-010226

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

CONCURRING AND DISSENTING MEMORANDUM BY DUBOW, J.

**FILED DECEMBER 12, 2017**

I do not believe that Mr. and Mrs. Duffy have standing in their individual

capacities to appeal the trial court's Order. I would, thus, quash this appeal.[1]

---

[1] I also agree with the Joyces that the Duffys were not aggrieved by the trial court's December 21, 2016 Order because it directs only WSFS to satisfy judgment against the Joyces as it agreed to do in the Loan Sale Agreement.

---

\*   Former Justice specially assigned to the Superior Court.

I recognize, however, that because the Joyces did not object below to the Duffys' participation, *i.e.*, when the Duffys filed an Answer to the Petition to Compel, New Matter, and a Sur Reply to Joyces' Answer to New Matter, the issue of standing could be considered waived. In all events, I agree with the analysis of the majority and join in the affirmance of the trial court's Order.

The parties to the agreement in which the bank agreed to satisfy the judgments ("Agreement") against the defendants were the Duffy Family Limited Partnership ("DFLP") and Wilmington Fund Society (the "Bank"). **See** Loan Sale Agreement, dated March 3, 2016, at 1; RR 78a. Although Mr. and Mrs. Duffy signed the last page of the Agreement as individuals, are listed in the Agreement as guarantors, and purport to be the only general and limited partners in DFLP, Mr. and Mrs. Duffy were not parties to the Agreement. **See** Agreement at 1 and 6 at §9; and *Duffys Response to Averments Contained in the Reply to New Matter of Joyces*, filed 09/01/16, at 7, §10.[2] **See also** Pennsylvania's Revised Uniform Limited Partnership Act, 15 Pa. C.S. § 8620(a) (titled "Separate entity**"** and providing that "[a] limited partnership is an entity distinct from its partners.").

---

[2] In their filings, the Duffys acknowledge several times that DFLP was "the purchaser of all rights, title and interest in and to the Loan, the Loan Documents and the Judgments," and "**the benefit of the Loan Purchase Agreement flows to DFLP**[.]" Response to Averments at 8, ¶ 15 (emphasis added).

Since the trial court's decision underlying this appeal interprets the Agreement between the Bank and DFLP, and it is DFLP that has the rights and obligations that emanate from that Agreement, it is DFLP who is the entity who would have standing to assert a grievance allegedly caused by the trial court's decision. *See* 15 Pa. C.S. § 8633 (providing: "A debt, obligation or other liability of a limited partnership is not the debt, obligation or other liability of a limited partner. A limited partner is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation or other liability of the partnership solely by reason of being or acting as a limited partner, even if the limited partner participates in the management and control of the partnership."). *See also **CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa. Super. 2016) (observing that a "party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question," and "where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.")(citation, quotation marks, brackets omitted)).

Although the Duffy's are listed in their individual capacities in the original caption under which the Petition to Compel Specific Performance was filed, the Petition to Compel was directed to the Bank as the party to the Agreement that agreed to "record documents to satisfy or release the Mortgages recorded by the Bank against the Property … and to satisfy the Judgments." *See* Agreement at 2. While DFLP is the assignee of the Bank's rights under the

loan, DFLP did not respond to the Petition to Compel. Rather, it was the Duffys who responded to the Joyce's Petition to Compel as defendants listed individually in the caption of the underlying action. No one moved to join DFLP in the action, and DFLP did not move to intervene. Only DFLP, as the only party to the Agreement with WSFS, had the right to assert whatever rights DFLP had as assignees under the Agreement, not the Duffys in their individual capacities. *See* 15 Pa.C.S. §8633. Accordingly, I would quash this Appeal and affirm the Order.