J-A22038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SPECIALIZED LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. TIMNEY AND PATRICIA A. TIMNEY | |
| Appellant | No. 1887 MDA 2019 |

Appeal from the Judgment Entered October 16, 2019
In the Court of Common Pleas of Centre County
Civil Division at No: 2018-2048

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 26, 2021**

Appellants, Robert J. Timney and Patricia A. Timney, appeal from the October 16, 2019 judgment in foreclosure in favor of Appellee, Specialized Loan Servicing, LLC.  We affirm.

The trial court set forth the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On or about October 20, 2005, Central Federal Mortgage Company ("Central") extended a loan to [Appellants] for the principal sum of $177,650.00.  [Appellants], in turn, executed a Promissory Note for the same amount which was secured by a mortgage (the "Mortgage") in favor of Central.  Central assigned the Mortgage to Wells Fargo Bank, N.A. ("Wells Fargo") on October 20, 2005.  The Mortgage and the assignment of the Mortgage were recorded in the Office of the Recorder of Deeds of Centre County on October 20, 2005.  On January 29, 2018, Wells Fargo assigned the mortgage to [Appellee].  Said assignment was recorded in the Officer of the Recorder of Deeds of Centre County on January 30, 2018.

On or about July 27, 2016, [Appellants] executed a Loan Modification Agreement ("Modification") with Wells Fargo. After the Modification, [Appellants'] principal balance increased to $207,456.08 with an interest rate of 3.875%. [Appellants'] new monthly payment was $1,201.93 beginning August 1, 2016. The Modification was recorded with the Office of the Recorder of Deeds of Centre County on August 30, 2016. [Appellants] defaulted on the Mortgage by failing to make the payment due December 1, 2017 and all payments due thereafter. Summaries of [Appellants'] payment history are attached to [Appellees'] Motion for Summary Judgment.

[Appellee] mailed an Act 91 Notice of its intention to foreclose on the Property on or about January 31, 2018. After [Appellants] failed to cure the default, [Appellee] filed a Complaint in Mortgage Foreclosure against [Appellants] seeking to foreclosure on residential real property located at 211 Mountain Road, State College, PA 16801 (the "Property") on May 23, 2018. [Appellants] did not timely submit an answer to [Appellee's] complaint and a default judgment was entered against them on August 14, 2018.

The Property serves as [Appellant] Robert Timney's primary residence. [Appellant] Timney was granted ownership of the Property via a Quit Claim Deed recorded in the Centre County Recorder of Deeds on May 23, 2014. On November 27, 2018, the court granted [Appellant] Timney's Emergency Petition to Stay the sale of the Property. On January 29, 2019, the Court granted [Appellant] Timney's Motion to Open or Strike the Judgment. [Appellee] filed a Motion for Summary Judgment on August 29, 2019. Thereafter, the court entered a scheduling order directing [Appellants] to file a brief in opposition to [Appellee'] motion by October 7, 2019. The court's order also stated the matter may be considered by the court as if uncontroverted if [Appellants] failed to timely deliver a responsive brief. [Appellants] did not file a responsive brief and they were absent from oral argument without explanation or excuse. The court then granted summary judgment in favor of [Appellee] on October 15, 2019. [Appellants] filed a motion to reconsider and re-open judgment on October 25, 2019 after which this court issued a rule to show cause on [Appellee]. [Appellee] filed an answer to [Appellants'] motion on November 12, 2019. The court did not make a ruling on [Appellants'] motion for reconsideration before this appeal was filed.

Trial Court Opinion, 1/9/20, at 1-3 (record citations omitted).

Appellants present four questions:

1. Whether the trial court erred in not permitting discovery to fully proceed prior to making a ruling on the summary judgment motion.

2. Whether the trial court erred in not dismissing the case outright, once all of the material facts were shown to the court.

3. Whether the trial court erred in granting the motion for summary judgment of [Appellee] when all defenses and arguments were not fully considered.

4. Whether the trial court erred in not granting reconsideration, when it was made clear we were not served the motion for summary judgment by [Appellee] and when we were not served with notice of when the hearing would be by the court.

Appellants' Brief at 2.

Whether summary judgment was warranted is a question of law for which of review is *de novo* and our scope of review is plenary. ***City of Philadelphia v. Cumberland Cnty. Bd. of Assessment Appeals***, 81 A.3d 24, 44 (Pa. 2013). "Summary judgment may be entered only where the record demonstrates that there remain no genuine issues of material fact, and it is apparent that the moving party is entitled to judgment as a matter of law." ***Id.***; Pa.R.C.P. No. 1035.2. The record must be reviewed in a light most favorable to the nonmoving party. ***Marks v. Tasman***, 589 A.2d 205, 206 (Pa. 1991).

We begin with Appellants' fourth assertion of error, in which they claim summary judgment was entered in error because Appellants did not receive notice of Appellee's summary judgment or the hearing thereon. The record

reflects that Appellees served their motion on Appellants' counsel at his address of record. Motion for Summary Judgment, 8/28/19, at Certificate of Service. Likewise, the certified docket reflects that Appellants' counsel received notice of the date and time of oral argument. In summary, Appellants present nothing other than a bald, self-serving assertion that they received no notice of the motion or the hearing, and the record contradicts their assertion. Timely responses have been lacking from Appellants throughout this action, leading to a default judgment following their failure to respond to Appellee's complaint. Given their consistent dilatory conduct, and their failure to develop a legal or factual argument in support of this issue, we discern no error in the trial court's decision not to grant reconsideration based on Appellants' alleged lack of notice.

In their first assertion of error, Appellants claim the trial court erred in permitting Appellee to litigate its summary judgment motion before discovery was complete. They offer no legal or factual support for this argument, in violation of Rule Pa.R.A.P. 2119(b) and (c).[1] And, in addition to the dilatory conduct we already have discussed, we add here that Appellants failed to respond to Appellee's discovery requests, and they do not specify any outstanding discovery requests of their own. They also do not specify what,

_____

[1] Rule 2119 governs the argument section of appellate briefs, and subsections (b) and (c) govern citation of authorities and reference to the record. Pa.R.A.P. 2119(b), (c). This Court has held that failure to support an argument without pertinent citations results in waiver.

- 4 -

if any, discovery requests they would have filed if given more time that would be essential to justify their opposition to the summary judgment motion. *See* Pa.R.Civ.P. 1035.3(b). For all these reasons, Appellants are not entitled to relief on this issue.

In their second assertion of error, Appellants claim the trial court erred in failing to dismiss Appellee's foreclosure action once the court was apprised of all pertinent facts. We observe that there was no motion before the trial court to dismiss this case, as Appellants did not respond to Appellee's motion for summary judgment or file a competing summary judgment motion. On the merits, this issue turns on Appellants claim that Appellee lacks standing because it failed to demonstrate the chain of assignments of the mortgage and note underlying this action from the original lender to Appellee.

Rule 2002 of the Pennsylvania Rules of Civil Procedure provides that "all actions shall be prosecuted by and in the name of the real party in interest[.]" Pa.R.C.P. No 2002(a). "In a mortgage foreclosure action, the mortgagee is the real party in interest." *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016). Thus, the party foreclosing on the mortgage must "name the parties to the mortgage and the fact of any assignments." *Id.* (citing Pa.R.C.P. No. 1147). The foreclosing party also must own or hold the note. *Id.* Thus, a party has standing to bring a mortgage foreclosure action where it can plead ownership of the mortgage and where it has the right to make demand upon the note secured by the mortgage. *Id.*

The record belies Appellants' argument. Appellee documented the assignments from the original lender (Central Federal Mortgage Company) to Wells Fargo Bank, N.A., and then from Wells Fargo to Appellee. Motion for Summary Judgment, date, at ¶ 3, Exhibits C-1 and C-2. Appellant also documented its ownership of the note, indorsed in blank. *Id.* at Exhibit A. "A note endorsed in blank becomes payable to 'bearer' and may be renegotiated by transfer of possession alone until specifically endorsed." *Barbezat*, 131 A.3d at 69; *see also*, 13 Pa.C.S.A. § 3205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

In *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265-66 (Pa. Super. 2013), this Court explained that a note secured by a mortgage is a negotiable instrument governed by § 3104 of the Pennsylvania Uniform Commercial Code.[2] This Court further explained that if the mortgagee could

---

[2] That section reads in part:

> **(a) Definition of "negotiable instrument".--**Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

*(Footnote Continued Next Page)*

establish that it was the holder of the original note, indorsed in blank, it would be entitled to enforce the note against the mortgagor, regardless of any questions as to the chain of possession from the original mortgagee to the current holder of the note. ***Id.*** at 1267. The ***Murray*** Court vacated the summary judgment in favor of the mortgagee because a question of fact remained as to whether the foreclosure plaintiff was the holder of the original note. Instantly, in contrast, Appellee has produced a copy of the original note, indorsed in blank. Thus, under controlling law, we discern nothing lacking in the evidence regarding the assignments of the mortgage and/or Appellee's possession of the note.

_____

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

(i) an undertaking or power to give, maintain or protect collateral to secure payment;

(ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

(iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S.A. § 3104(a).

Appellants also argue, in support of their second assertion of error, that Appellee failed to provide an Act 91 notice. On the contrary, the record reflects proper service, on both Appellants, of a valid Act 91 notice. *Id.* at Exhibit F. The Act 91 notice provided the amount past due and instructions for contacting the lender to make payments. *Id.* Appellants claim in their brief that they made repeated inquiries as to the payment necessary to reinstate the loan but received no response. Appellants' Brief at 17-18. They also claim to have documented these issues to the trial court "prior to summary judgment" but they fail to cite the record in support of this claim. *Id.* at 18. As we have already explained, Appellants failed to make any record in support of their opposition to Appellee's summary judgment motion. Appellants' second assertion of error lacks merit.

In their third assertion of error, Appellants claim the trial court erred in failing to fully consider all their defenses and arguments. Once again, we must observe that Appellants offered no defenses or arguments prior to entry of summary judgment. Further, we observe that this assertion of error is in tension with the previous one, in which Appellants claim that the trial court erred in entering summary judgment after it was apprised of all pertinent facts. In any event, this argument in substance is simply a rehashing of their other three assertions of error, which we already have considered and rejected. Contrary to Appellants' assertion, the record reflects the trial court's

full consideration of all pertinent facts, arguments, and defenses, and we discern no error in the order granting summary judgment in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2021