**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2278
_____

KENNETH J. TAGGART, Appellant

V.

DEUTSCHE BANK NATIONAL TRUST CO., As Trustee for Morgan Stanley ABS
Capital Inc. Trust 2007-HE 2, Mortgage Pass Through Certificates, Series 2007-HE 2;
STERN & EISENBERG PC; SPECIALIZED LOAN SERVICING LLC; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC.; WELLS FARGO BANK N.A.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-20-cv-05503)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2022

Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 18, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kenneth Taggart, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his amended complaint, which arose from a state court foreclosure proceeding.  For the reasons that follow, we will affirm the judgment of the District Court.

In 2006, Taggart obtained a mortgage loan secured by property in Holland, Pennsylvania.  He executed a note in favor of Decision One Mortgage Company and a mortgage with Mortgage Electronic Registration Systems Inc. (MERS).  MERS assigned the mortgage to Deutsche Bank National Trust Company in 2010.  Taggart had defaulted on the loan and, in 2018, Deutsche Bank brought a foreclosure action against him in Pennsylvania state court.  The state court entered a judgment of foreclosure in favor of Deutsche Bank on March 15, 2021.

On October 1, 2020, while the foreclosure action was pending, Taggart, through counsel, sued Deutsche Bank, MERS, and other entities in state court.  The defendants removed Taggart's complaint to federal court.  Taggart filed an amended complaint raising 29 claims, including claims of quiet title, slander of title, breach of contract, claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and fraud.

The District Court granted the defendants' motions to dismiss the amended complaint.  It ruled that Taggart failed to state claims for relief and that res judicata and statutes of limitation barred certain claims.  It also ruled that further amendment would be inequitable in light of Taggart's litigation history.  This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).

Taggart argues on appeal that the District Court erred in deciding that res judicata bars his quiet title claim against Deutsche Bank. Taggart alleged in his amended complaint that the assignment of his mortgage to Deutsche Bank was invalid. Am. Comp. at 36. He sought a declaration that Deutsche Bank had no claim to the mortgage and that the mortgage was unenforceable. Am. Comp. at 47. The District Court ruled that res judicata applied because the state court necessarily rejected his claim in granting summary judgment for Deutsche Bank in the foreclosure action. We agree.

As recognized by the District Court, a federal court must give a state court judgment the same preclusive effect that a state court would give that judgment. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006). Under Pennsylvania law, res judicata, or claim preclusion, applies to claims that were actually litigated or could have been litigated in a prior proceeding. Id.

Deutsche Bank was required to establish that it was the real party in interest and had standing to pursue the foreclosure action. Gerber v. Piergrossi, 142 A.3d 854, 859 (Pa. Super. Ct. 2016). A real party in interest has the legal right to enforce a claim. Id. The mortgagee is the real party in interest in a foreclosure action. Id. Insofar as Taggart asserts that Deutsche Bank has no claim to the mortgage, the state court found that MERS assigned the mortgage to Deutsche Bank and that Deutsche Bank was the mortgagee.

3

Taggart argues that he could not challenge the mortgage assignment in the foreclosure action. The state court's decision reflects that Taggart raised an issue as to the validity of the assignment and that the state court noted that the alleged deficiencies were unsupported. Taggart has not shown that he was unable to challenge Deutsche Bank's standing to enforce the mortgage. See also id. at 860 (rejecting argument in foreclosure action that mortgagee lacked standing due to invalid mortgage assignment); CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 68-69 (Pa. Super. Ct. 2016) (same). Taggart's reliance on US Bank N.A. v. Mallory, 982 A.2d 986 (Pa. Super. Ct. 2009), is misplaced. Mallory rejected a claim that a mortgagee lacked standing where an assignment had not been executed fore a foreclosure action was filed, but was executed before entry of a default judgment. Mallory, 982 A.2d at 993-94.[1]

To the extent Taggart challenges the dismissal of his other claims against Deutsche Bank on res judicata grounds, we do not consider these rulings because he has shown no error in the dismissal of these claims on other independent grounds. For the reasons stated by the District Court, Taggart fails to state a claim for slander of title. See 6/3/21 Memorandum at 13. In addition, Taggart has not shown that the District Court

---

[1]Under Pennsylvania law, a borrower cannot challenge the chain of possession by which a mortgagee came to hold a note secured by a mortgage, which has been found immaterial to a note's enforceability. JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1264-66 (Pa. Super. Ct. 2013). And courts have held that borrowers may not enforce the terms of a pooling and servicing agreement related to the transfer of a mortgage. See Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 228 & n.29 (5th Cir. 2013) (citing cases). To the extent Taggart claims a due process violation in this regard, he does not assert an injury. The state court ruled that he defaulted on the mortgage and he does not contend that he is potentially liable to another entity.

erred in applying a four-year statute of limitations to his breach of contract claim.  See 42 Pa. Cons. Stat. § 5525(a)(7).  Taggart contends in his reply brief that a twenty-year statute of limitations applies because the note and mortgage were under seal, but he has forfeited this argument by failing to raise it in his opening brief or in the District Court. Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017).  And Taggart does not challenge the District Court's rulings that he failed to state a claim for failure to comply with mortgage protections and fraud on the court.

Taggart also argues that res judicata does not bar his claims under the FDCPA and against the other defendants because he could not raise them in the foreclosure action. The District Court, however, did not rule that res judicata barred these claims.  It decided that Taggart failed to state claims for relief or that his claims were time-barred.  Taggart has not developed arguments as to these rulings in his opening brief and any such arguments are forfeited.  Barna, 877 F.3d at 145-47.  To the extent Taggart has not forfeited an argument that he states a claim under the FDCPA, see Appellant's Brief at 15-16, he has not addressed the District Court's rationale or shown any error.

Finally, Taggart asserts that the District Court erred by dismissing his claims under the Rooker-Feldman[2] doctrine, but the District Court did not dismiss the amended complaint on this basis.  Accordingly, we will affirm the judgment of District Court.

---

[2] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).