J-A24005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUSTCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AEGIS ASSET BACKED SECURITIES TRUST 2006-1, MORTGAGE BACKED NOTES, BY ITS SERVICER, OCWEN LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HANIF BEY AND HANIFAH EL | |
| Appellants | No. 3329 EDA 2015 |

Appeal from the Order Entered September 30, 2015
In the Court of Common Pleas of Pike County
Civil Division at No(s): 1662 CV 2013

BEFORE:  BOWES, OTT AND SOLANO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 19, 2016**

Hanif Bey and Hanifah El (collectively the "Mortgagors") appeal from the September 30, 2015 order granting summary judgment in favor of Deustche Bank National Trust Company, as Indenture Trustee for Aegis Asset Back Securities Trust 2006-1, Mortgage Backed Notes, By its Servicer, Ocwen Loan Servicing, LLC ("Deustche").  We affirm.

We summarize the facts as provided by the trial court.  **See** Trial Court Opinion, 12/23/15, at 1-4.  The Mortgagors executed a mortgage, which was recorded, securing the real property located at 3580 Section 37, Warwick Circle, Lehman Township, Pennsylvania.  This mortgage secured a

promissory note, which the Mortgagors provided to Mortgage Electronic Registration System ("MERS") as a nominee for Aegis Funding Corporation ("Aegis"), in consideration of a loan to them in the amount of $195,000.00, with payments to commence on October 1, 2006. This note was endorsed by Aegis without recourse payable to the order of Aegis Mortgage Corporation. Aegis Mortgage Corporation in turn endorsed the note without recourse in blank. The mortgage was assigned to Deutsche, and properly recorded.

On July 1, 2012, Mortgagors defaulted on the note and mortgage by failing to make their monthly payment. Subsequently, Deutsche provided them with the requisite notice of default, and an Act 6 and Act 91 combined notice, which included notice of its intention to foreclose. Deutsche commenced the underlying mortgage foreclosure action on October 15, 2013, by the filing of a complaint in mortgage foreclosure, appending the mortgage and assignment thereto. The Mortgagors filed an answer to Deutsche's complaint admitting to executing a mortgage with MERS, but denying they executed a note with MERS or Deutsche, and disputing the amount owed to Deutsche.

Deutsche then filed a motion for summary judgment, and attached a copy of the note to that filing. The court granted summary judgment in Deutsche's favor, and the Mortgagors filed a timely notice of appeal. The court directed Mortgagors to file a Rule 1925(b) concise statement of errors

complained of on appeal, they complied, and the court authored its Rule 1925(a) opinion.

Mortgagors raise three questions for our review:

A. Did the trial court err in granting summary judgment in favor of [Deutsche], where the record fails to show [Deutsche's] ownership of the original promissory note of the [Mortgagors'] mortgage transaction?

B. Did the trial court [err] in granting summary judgment in favor of [Deutsche] where the record fails to show [Deutsche's] right to enforce the recorded mortgage as [Deutsche] is not the [holder] of the [Mortgagors'] original mortgage, as recorded in the Pike County Recorded of Deed's Office, or where the record otherwise fails to show [Deutsche's] right to enforce the [Mortgagors'] mortgage?

C.  Did the trial court err in granting summary judgment in favor of [Deutsche] where the record fails to contain evidence of [Deutsche's] status as a proper party to this litigation?

Appellant's brief at 4-5.

Our scope and standard of review of a trial court's order granting summary judgment is as follows.

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court . . . [a]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to judgment as a matter of law.  In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Where our analysis involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either established that the

- 3 -

material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact finder.

***Gerber v. Piergrossi***, 2016 WL 3414993 (Pa.Super. 2016) at *3 (citation omitted).

Mortgagors first argue that, pursuant to our holding in ***CitiMortgage v. Barbezat***, 131 A.3d 65 (Pa.Super. 2016), Deutsche must prove it holds the underlying promissory note in order to foreclose on their property. Mortgagors suggest that until Deutsche provides evidence that it holds their note, there exists a genuine issue of material fact, and summary judgment is inappropriate.

The Honorable Joseph F. Kameen authored a thorough and well-reasoned opinion rejecting the Mortgagors' contention. After reviewing the certified record, we affirm on this issue on the basis of the trial court's opinion. **See** Trial Court Opinion, 12/23/15, at 7-8 (concluding that Deutsche provided a copy of the note and Mortgagors admitted at oral argument that Deutsche possessed the original note).

In addition, we note that Mortgagors' reliance upon ***Barbezat***, ***supra***, is misplaced. In ***Barbezat***, we found, under substantially similar circumstances, that the bank therein had authority to enforce its rights under the mortgage. ***Barbezat***, ***supra*** at 69. We reasoned that since the note was endorsed in blank, it was payable to the bearer by transfer of possession alone. ***Id***. We concluded that the bank therein, as the holder of

the note, was entitled to enforce those obligations. *Id*. Similarly here, Deutsche has provided evidence that the mortgage was assigned to it, and that it is currently the holder of the note which is endorsed in blank. Hence, it is authorized to make demand upon Mortgagors to enforce their obligations under the note.

Mortgagors next contend that summary judgment is inappropriate since Deutsche did not produce evidence of the assignment by which it received its foreclosable mortgage interest. After reviewing the certified record, we affirm on the basis of the trial court's opinion. *See* Trial Court Opinion, 12/23/15, at 8-9 (concluding that the assignment of the original mortgage from MERS to Deutsche established that Deutsche possessed and owned the mortgage as the express language of the mortgage granted MERS the right to assign the mortgage).

Finally, Mortgagors assert that Deutsche did not demonstrate that it has standing to bring an action in foreclosure against them since Deutsche was not a party to the original mortgage and note, and they did not otherwise demonstrate a valid assignment of an interest in their property. After review of the certified record, we again affirm on the basis of the trial court opinion. *See* Trial Court Opinion, 9-15 (concluding that as the holder in due course of a negotiable instrument, Deutsche had the right, as the party in interest, to seek mortgage foreclosure against Mortgagors).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2016

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA
CIVIL DIVISION

DEUTSCHE BANK NATIONAL :
TRUST CO., as Indenture Trustee for :
Aegis Asset Backed Securities Trust :
2006-1, Mortgage Backed Notes, by Its :
Servicer, Ocwen Loan Servicing, LLC, :
:
        Appellee. :
v. :    No. 1662-2013 CIVIL
:
HANIF BEY and HANIFAH EL, :
:
        Appellants. :

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this _23 PR_ day of December, 2015, after careful review of the record, this Court continues to stand by its decision in the above-captioned matter and respectfully requests the Superior Court uphold this Court's Order of September 30, 2015. This Court would also like to add, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

## I.    FACTUAL AND PROCEDURAL HISTORY

The instant appeal arises from a September 30, 2015 Summary Judgment Order in a mortgage foreclosure proceeding. Following the close of pleadings, exchange of documents supporting and opposing summary judgement, and oral argument on summary judgement, this Court granted an *in rem* judgement in favor of the Plaintiff/Appellee mortgagee. Order, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Sept. 30, 2015).

The Appellee claimed that starting on July 1, 2012, and following every month

thereafter, the Defendants/Appellants failed to make monthly loan payments and thus defaulted on their mortgage. Pl.'s Compl., Civil Action-Mortgage Foreclosure at ¶ 7, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Oct. 15, 2013). Although the Appellant denied the veracity of the following documents, Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 6, 8 *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Sept. 24, 2015), in support of its default claim, the Appellee provided a printout of the loan's transactional history and a signed affidavit from the loan servicer. Pl.'s Motion for Summary Judgment at Exhibit B, C, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (July 16, 2015). The Appellee also averred that the Appellants executed and delivered the original mortgage to Mortgage Electronic Registration Services ("MERS"), Inc., as the original nominee for the original lender, Aegis Funding Corporation ("Aegis"). Pl.'s Compl. at ¶ 3. A copy of the original mortgage corroborates that averment. *Id.* at Exhibit A p.1. The mortgage also states that the Mortgagor/Borrower is obligated to make payments under the Note and mortgage/"Security Instrument" and expressly gives the lender the authority, if the borrower defaults on the loan, to seek foreclosure through judicial proceeding and sale. *Id.* at Exhibit A p.4, 16.

The Appellee also averred that it is the holder of the Note at issue. Pl.'s Reply to Defs.' New Matter at ¶ 10, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Jan. 31, 2014); averred that the Note is indorsed in blank; and provided a copy of the Note. Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1. The Appellee also consistently averred that the mortgage was assigned to it from MERS, Inc., Pl.'s Compl. at ¶ 4; and provided a recorded copy of said assignment. Pl.'s Brief Contra Defs.' Prelim. Objections at 1, Exhibit A, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Dec. 9, 2013). Additionally, the mortgage expressly states that "[t]he Note or a partial interest" therein, "together with" the mortgage as

2

the security instrument, "can be sold multiple times." Pl.'s Brief Contra Defs.' Prelim. Objections at 6, Exhibit B p.15; Pl.'s Compl. at Exhibit A p.15.

The Appellants admitted to executing a mortgage with MERS, Inc., but denied executing a Note with MERS, Inc., or the Appellee. Answer and New Matter at ¶ 3, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Jan. 24, 2014). The Appellants did admit to stopping mortgage payments on July 1, 2012, but disputed the amount owed and denied that it was due to Appellee. Defs.' Oral Argument, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Sept. 28, 2015); Answer and New Matter at ¶ 7, 8; Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 7, 14. Appellants at first denied that Aegis transferred the Note to MERS, Inc., *Id.* at ¶ 4, but later stated that "the mortgage was assigned to MERS, Inc.." Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Sept. 25, 2015). Appellants also admitted that the mortgage was assigned from MERS, Inc., as Aegis' nominee to the Appellee and that the assignment was recorded on October 2, 2013 with the Pike County Recorder of Deeds. Answer and New Matter at ¶ 4; Defs.' Brief in Support of Defs.' Prelim. Obj'ns and Motion to Dismiss Pl.'s Mortgage Foreclosure Compl. at 1, *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Oct. 29, 2013). Despite that admission and the submitted recordation of that assignment, Appellants later claimed that Appellant provided no evidence of assignment from MERS, Inc., to Appellant. Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1-3. Appellants repeatedly averred that Appellee did not own the original Note. Answer and New Matter at ¶ 10; Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1-2; Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 4. However, at Oral Argument, Appellant admitted that Appellee held the original Note and instead questioned how Appellee obtained the Note and mortgage.

3

A 8

Drfs.' Oral Argument. In large part, the Appellants claimed that the Appellee lacked standing and that the Complaint violated Pa. R.C.P. 2002. Answer and New Matter at ¶ 12, 13. The Appellants' challenge to Appellee's standing rested significantly if not entirely on what Appellant characterized as the absence of a record of direct line of assignment of the mortgage and Note from Aegis to Appellee expressly listing Aegis as the assignor. *See generally* Defs.' Brief in Support of Defs.' Prelim. Objections. Appellant also appeared to try to raise lack of privity with the Appellee as a possible defense. Answer and New Matter at ¶ 14.

Appellants' Concise Statement of Matters Complained of under Pennsylvania Rule of Appellate Procedure 1925(b), *Deutsche Bank Nat'l Trust Co. v. Bey*, No. 1662-2013 (Nov. 18 2015) raises the following three (3) issues:

1. The trial court erred in granting summary judgment in favor of the Plaintiff where the record fails to show the Plaintiffs ownership of the original promissory Note of the Defendants' mortgage transaction.

2. The trial court erred in granting summary judgment in favor of the Plaintiff where the record fails to show that the Plaintiff's right to enforce the recorded mortgage as the Plaintiff is not the holder of the original of the Defendants' original mortgage, whether recorded in the Pike County Recorder of Deed's Office, or otherwise produced in the record.

3. The record does not contain evidence of the Plaintiff's status as a proper party to this litigation.

Because the Appellee's standing and status as a proper party in the original matter hinges on possession of the Note and mortgage, *JP Morgan Chase Bank, N.A. v Murray*, 63 A.3d 1258, 1266-69, n.6, (Pa. Super. 2013), this brief will address

4

*A9*

matters in the order presented.

## II. STANDARD OF REVIEW

The scope of review of a trial court's order granting or denying summary judgment is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418 (2001). The trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Id., citing Cochran v. GAF Corp.*, 666 A.2d 245, 248 (Pa. 1995). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or where the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Pilon v. Bally Engineering Structures*, 645 A.2d 282, 285 (Pa. Super. 1994).

## III. DISCUSSION

### A. The Summary Judgement Standard in a Mortgage Foreclosure

The primary issue presented in this appeal is whether this Court erred in determining Appellee was entitled to Summary Judgment when the Appellee presented evidence that it possessed the Note, the Mortgage, and the right to enforce both, while the Appellant made certain admissions to the aforesaid matters and made inconsistent and contradictory claims regarding the chain of possession of the Note and mortgage.

With designated exceptions not relevant to the instant matter, mortgage foreclosure actions shall follow the same procedures set forth in the Pennsylvania Rules of Civil Procedure. Pa. R.C.P. 1141(b). Regarding summary judgment, those rules indicate:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...

Pa. R.C.P. 1035.2. The party moving for summary judgment has the burden of demonstrating

5

*A* 10

that there are no genuine issues of material fact. *Acker v. Palena*, 393 A.2d 1230, 1232 (Pa. Super. 1978). All doubts as to whether a genuine issue of material fact exists are to be resolved against the movant. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 469 (Pa. 1979).

Furthermore, the non-moving party may not claim that the averments of their pleadings alone are sufficient to raise a genuine issue of material fact so as to defeat the motion. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The Rules of Civil Procedure specifically provide that the non-moving party may not rest upon the mere allegations or denials of the pleadings, but must file a response within thirty days after service of the motion for summary judgment and identify one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion. Pa. R.C.P. 1035.3(a)(1). If the non-moving party fails to "adduce evidence essential to [its] case and on which it bears the burden proof," then the moving party is entitled to judgment as a matter of law. *Murray*, 63 A.3d at 1261, (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 77 A.2d 418, 429 (Pa. 2001)).

The courts have applied additional standards in reviewing summary judgments in mortgage foreclosure proceedings. Upon default, a mortgage holder has the right to pursue a mortgage foreclosure action. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2013) (citation omitted). The mortgage holder:

> is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Id.* at 465 (citations omitted). Additionally, a moving party may support its motion by using the opposing party's admissions, "includ[ing] facts admitted in the pleadings." *Id.* at 466 (citations omitted). Also, when denials require specificity, general denials constitute admissions. *Id.* at 466-67 (citing Pa. R.C.P. 1029(b)). Finally, a mortgagor's general denial

6

*A* II

that he/she lacks sufficient information to form a belief regarding the truth of averred principal and interest owed constitutes an admission of the principal and interest. *Id.* at 467 (citing *First Wis. Tr. Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super 1995); Pa. R.C.P. 1029(c) Note).

## B. The Record Establishes That Plaintiff/Appellee Possesses the Note

Despite the Appellant's claim on appeal, the Appellee as moving party clearly met its burden of proving that no question of material fact existed regarding the fact that the Appellee possessed the Note. *See Acker*, 393 A.2d at 1232; Pa. R.C.P. 1141(b). First and foremost, the Appellant provided a copy of the Note to support its claim that it held the note endorsed in blank. Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1. Additionally, while the Appellant claimed in some of its pleadings that the Appellee did not possess the original Note, Answer and New Matter at ¶ 10; Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1-2; Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 4, Appellant admitted at oral argument that the Appellee possessed the original Note, Defs.' Oral Argument, thus negating Appellant's contention on the matter and failing to provide evidence sufficient to counter Appellee's motion for summary judgment. *Gibson*, 102 A.3d at 466. *See also* Pa. R.C.P. 1035.3(a)(1); *Murray*, 63 A.3d at 1261. *Cf. Murray*, 63 A.3d at 1267-68 (concluding that where the moving party failed to establish that it possessed the original Note and said possession remained a material fact at issue, summary judgment was not appropriate). Moreover, any question of how Appellee came into possession of the Note (a matter that remained Appellant's fixation), *see, e.g.*, Defs.' Brief in Support of Defs.' Prelim. Objections, does not negate the fact that Appellee possessed the Note. *Murray*, 63 A.3d at 1266-68.

In addition to Appellee's providing a copy of the Note and stating that it possessed the Note indorsed in blank, the assignment of the mortgage to Appellee may further "substantiate"

7

*A* 12

Appellee's "possession of the Note." *Murray*, 63 A.3d at 1268, n.6. (citing 13 Pa. C.S.A §

3204(c)). *See also US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009) (stating that

an averment that one legally owns a mortgage indicates that he/she also holds the note). 13 Pa.

C.S.A. § 3204(c) states that in determining if an instrument's transferee is also a holder, "an

indorsement that transfers a security interest in the instrument is effective as an unqualified

indorsement in the instrument." While the definition of "indorsement" refers only to a

signature on the instrument (here, the Note) and not the security interest (here the mortgage),

13 Pa. C.S.A § 3204(a), the *Murray* dicta appears to suggest that possession of a mortgage in

a chain of possession dispute can corroborate possession of the accompanying note. *See*

*Murray*, 63 A.3d at 1268, n.6. The Appellee's clear showing that it legally held the mortgage

corroborates that it held the original Note, a copy of which it provided to the Appellant.

*Compare Murray*, 63 A.3d at 1268, n.6.; *Mallory*, 982 A.2d at 994 *with* Pl.'s Motion for

Summary Judgment at ¶ 4, Exhibit A-1.

C. The Record Establishes That Plaintiff/Appellee Possessed the Mortgage

Despite the Appellant's claim on appeal, the Appellee as moving party clearly met its

burden of proving that no question of material fact existed regarding the fact that the Appellee

possessed the mortgage. *See Acker*, 393 A.2d at 1232; Pa. R.C.P. 1141(b). In reviewing a

mortgage with language similar to that found in the mortgage at issue, *compare Gibson*, 102

A.3d at 465-66 *with* Pl.'s Compl. at Exhibit A, p.3, the *Gibson* Court held that where a

mortgage granted MERS, Inc., as nominee, "the right to exercise any and all interests incidental

to legal title," that grant "include[d] the ability to assign the mortgage." 102 A.3d at 466.

Through its averments, the copy of the original mortgage, and the assignment of the

original mortgage from MERS, Inc., to Appellee, the Appellee clearly established that it

8

A 13

possessed and owned the mortgage. *Compare Gibson*, 102 A.3d at 465-66, *Acker*, 393 A.2d at 1232; Pa. R.C.P. 1141(b) *with* Pl.'s Compl. at ¶: 4 Pl.'s Brief Contra Defs.' Prelim. Objections at 1, Exhibit A. *Cf. Murray*, 63 A.3d at 1267-68 (concluding that where the moving party failed to establish that it possessed the original Note and said possession remained a material fact at issue, summary judgment was not appropriate). Additionally, Pennsylvania case law clearly establishes that in this case, the express language of the mortgage granted MERS, Inc., the right to assign the mortgage to the Appellee, *Compare Gibson*, 102 A.3d at 465-66; Pl.'s Compl. at Exhibit A, p.3, further supporting the claims and evidence presented by Appellee that it possessed the mortgage. In addition, the Appellant took a contradictory position by first admitting to the recorded mortgage assignment, Defs.' Brief in Support of Defs.' Prelim. Obj'ns at 1, then denying the existing of the admitted recordation, Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1-3, and finally stating at oral argument that the Appellee possessed the mortgage, yet still question how that possession occurred. Defs. Oral Argument. In light of the evidence presented and admitted to and the relevant case law, the Appellant clearly failed to provide evidence giving rise to a question of fact regarding the Appellee's possession of the mortgage. *See Gibson*, 102 A.3d at 466; Pa. R.C.P. 1035.3(a)(1); *Murray*, 63 A.3d at 1261.

D. The Record Establishes Plaintiff/Appellee Was/Is a Real Party in Interest with the Right to Enforce the Mortgage in the Mortgage Foreclosure Proceedings

As required by Pa. R.C.P. 2002(a), in order to prosecute the mortgage foreclosure, the Appellant established that as holder of the Note and mortgage, regardless of the chain of possession/transfer, it was a real party in interest with the right to enforce the Note and mortgage against the Appellant. *Compare Murray*, 63 A.3d at 1266-68 (citing 13 Pa. C.S.A. §

9

A 14

3109(a)) *with* Defs. Oral Argument (admitting that Appellee possessed the Note indorsed in blank). With exceptions not relevant to the instant matter, Pa. R.C.P. § 2002(a) requires that the real party in interest prosecute the issue, "without distinction between contracts under seal and parol contracts." A real party in interest is one who, if successful, is entitled to the actions' benefits and has "the legal right under the applicable substantive law to enforce the claim in question." *Mallory*, 982 A.2d at 994. In the instant matter, at least in part, the Pennsylvania Uniform Commercial Code ("PUCC") provides the substantive law giving the holder of a Note the right to enforce it. Pennsylvania Uniform Commercial Code. *See Murrary*, 63 A.3d at 1265-66 (citing 13 Pa. C.S.A. §§ 3104, 3109(a), 3205(b), 3302) (analyzing the Note holder's enforcement rights under the PUCC).

With exceptions not relevant to the instant matter, the PUCC at 13 Pa. C.S.A. § 3104(a) defines a "negotiable instrument" as,

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
> (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> (2) is payable on demand or at a definite time; and
> (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
> (i) an undertaking or power to give, maintain or protect collateral to secure payment;
> (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
> (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

The PUCC at 13 Pa. C.S.A. § 3302(a) defines a "holder in due course" as

> the holder of an instrument if:
> (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
> (2) the holder took the instrument:

10

A 15

(i) for value;
(ii) in good faith;
(iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
(iv) without notice that the instrument contains an unauthorized signature or has been altered;
(v) without notice of any claim to the instrument described in section 3306 (relating to claims to an instrument); and
(vi) without notice that any party has a defense or claim in recoupment described in section 3305(a) (relating to defenses and claims in recoupment).

Additionally, even if the holder in due course has only a security interest in the instrument and the obligor has a defense, "a claim in recoupment[,] or claim to the instrument" against the grantor, the holder still rights only to the amount payable at the time of enforcement not in excess of secured, unpaid obligation. 13 Pa. C.S.A. § 3302(e).

Per the PUCC at Pa. 13 C.S.A. § 3205(b)

If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

A specially endorsed instrument is indorsed to an identifiable person to whom the instrument is payable and is only payable to and may only be negotiated by the identified person's indorsement. Pa. C.S.A. § 3205(a).

As determined by the *Murray* Court, an authentic Note secured by a mortgage, held by a holder in due course, and indorsed in blank is a negotiable instrument under the PUCC. 63 A.3d at 1265-66 (citing 13 Pa. C.S.A. §§ 3104, 3109(a), 3205(b), 3302). As a negotiable instrument, the chain of possession does not impact the Note holder's right and ability to enforce the Note against the other party. *Id.* at 1266. The issue of enforceability of a Note arises when the parties dispute possession of the original Note. *Id.* at 1266. The *Murray* Court established that under the PUCC, if a party holds the Note as a negotiable instrument, then that

11

A-16

party has standing as a property party to seek judicial enforcement of the Note. *Id.* 1269. Additionally, because an assignee has the same enforcement rights as the assignor, the assignee is a real party in interest. *Mallory*, 982 A.2d at 994 (citations and quotations omitted).

First and foremost, per the PUCC and the *Murray* Court's interpretation thereof, the Note at issue is a negotiable instrument, and, therefore, the holder may enforce it. *Compare Murray* 63 A.3d at 1265-66 (citations omitted); 13 Pa. C.S.A. §§ 3104(a), 3109(a), 3205(a), (b), 3302 *with* Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1. The Note in question is an "unconditional promise to pay a fixed amount" "with interest" to the "holder" "on demand." *Compare* 13 Pa. C.S.A. § 3104(a) *with* Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1. There are no undertakings or instructions in addition to the payment aside from the provision of collateral authorization for enforcement. *Compare* 13 Pa. C.S.A. § 3104(a) *with* Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1.

Second, the Appellee is a holder in due course. *Compare* 13 Pa. C.S.A. § 3302(a) *with* Defs.' Brief in Support of Defs.' Prelim. Obj'ns at 15-21. The Appellants' claims against the credibility of the Note's chain of possession do not go to the authenticity of the Note itself, nor do they rise to the level of creating serious question about whether the Appellee took the Note for value, in good faith, and without notice of dishonor, default, an unauthorized signature, a claim to the instrument, or "that any party has a defense or claim in recoupment." *Compare* 13 Pa. C.S.A. § 3302(a) *with* Defs.' Brief in Support of Defs.' Prelim. Obj'ns at 15-21. Additionally, even if the Appellant only has a security interest in the Note and the Appellants has a defense, "a claim in recoupment[,] or claim to the instrument" against the grantor, the Appellee still has rights to the amount payable at the time of enforcement not in excess of secured, unpaid obligation. 13 Pa. C.S.A. § 3302(e).

12

A 17

Third, the Note is endorsed in blank and not specially endorsed, thus rendering it payable to the holder Appellant. *Compare* 13 Pa. C.S.A. § 3205(a), (b) *with* Pl.'s Motion for Summary Judgment at ¶ 4, Exhibit A-1; Defs. Oral Argument. While the Appellants at first averred that Appellee did not possess the original Note, Answer and New Matter at ¶ 10; Defs.' Brief in Opp'n to Pl.'s Motion for Summary Judgment at 1-2; Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 4, the Appellants' admitted at oral argument that the Appellee held the original Note, Defs. Oral Argument, thus rendering Appellants' argument against enforceability moot. *Murray*, 63 A.3d at 1266. *See also Gibson*, 102 A.3d at 466. By failing to adduce evidence raising a question of fact regarding whether the Note was a negotiable instrument held by the Appellee in due course and indorsed in blank, Appellant failed to raise a reasonable, factual question as to the Appellee's entitlement to enforce the Note as a matter of law. *Compare Murray*, 63 A.3d at 1266-68; 13 Pa. C.S.A. §§ 3104(a), 3109(a), 3205(a), (b), 3302 *with* Pa. R.C.P. 1035.3(a)(1); Pa. R.C.P. 1035.2; *Murray*, 63 A.3d at 1261.

Furthermore, the Appellants' arguments appear to overlook the fact that they expressly granted to MERS, Inc., via the mortgage the right to enforce and assign the mortgage. *Compare Gibson*, 102 A.3d at 465-66; *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009); *with* Pl.'s Compl. at Exhibit A, p.3. In holding that MERS, Inc., had the authority to enforce the loan and complete a sheriff's sale in the case before it, the *Ralich* Court reviewed mortgage clause that matches a clause in the instant mortgage. *Compare Ralich*, 982 A.2d at 80 *with* Pl.'s Compl. at Exhibit A, p.3. Both mortgages state that the

> Borrower agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security

13

A 18

Instrument.

*Ralich*, 982 A.2d at 80 (citing the Mortgage); Pl.'s Compl. at Exhibit A, p.3.

Because MERS, Inc., had the authority to enforce and assign the mortgage, *Ralich*, 982 A.2d at 80; *Gibson*, 102 A.3d at 465, and because the facts on record establish that MERS did assign the mortgage and its interest therein, Pl.'s Oral Argument; Defs.' Oral Argument; Pl.'s Brief Contra Defs.' Prelim. Objections at 1, Exhibit A, then the right to enforce loan through foreclosure would have passed to the assignee Appellant. *Mallory*, 982 A.2d at 994. As assignee to and holder of the mortgage, including all clauses and covenants thereto, Appellant had the right as a proper party to seek mortgage foreclosure against the Appellees. *Mallory*, 982 A.2d at 994. *See also Ralich*, 982 A.2d at 80 (discussing the nominee's authority as granted in the mortgage); *Murray*, 63 A.3d at 1266-68 (discussing the enforcement rights of a Note and mortgage holder).

Although the Appellant's Concise Statement speaks in terms of the right to pursue the foreclosure via possession of the mortgage and note, it seems appropriate to address and dismiss the Appellants' earlier claim that lack of privity affected the Appellee's right to seek a mortgage foreclosure. *See* Answer and New Matter at ¶ 14. Because the Note at issue is a negotiable instrument governed by the PUCC, if the debtor Appellants satisfy the Note, they cannot be required to do so twice. *Murray*, 63 A.3d at 1263-65 (citations omitted). Because the Appellants faced no risk of double jeopardy in the foreclosure, the Appellee did not have to show privity with the Appellants in order to proceed as a property party. *Id.* at 1263-65.

Having established that the Appellee was a property party in possession of the Note and mortgage, this Court was entirely justified in granting summary judgment in the instant

14

matter. *Gibson*, 102 A.3d at 464. Because the mortgagor Appellants admitted in their pleadings and at oral argument that it had not made a payment since July 1, 2012, Defs.' Oral Argument; Answer and New Matter at ¶ 7, 8; Defs.' Answer to Pl.'s Motion for Summary Judgement at ¶ 7, 14, thus being in default, and because the recorded mortgage was in the amount specified, *see* Pl.'s Motion for Summary Judgment at Exhibit A-1, p.1, Exhibit B, Exhibit C, the Appellee was entitled to summary judgment. *Gibson*, 102 A.3d at 464.

## IV.  CONCLUSION

After thorough review of the record in this case, this court did not commit any error of law or override or misapply any law. This Court's judgment was not manifestly unreasonable or the result of partiality, prejudice, bias, or ill will. As this decision was a sound application of the law and supported by the facts, circumstances, and evidence in the case, this Court respectfully requests the Superior Court uphold its Order of September 30, 2015.

BY THE COURT:

HON. JOSEPH F. KAMEEN, P.J.

cc:    Scott Amori, Esq.
       M. Troy Freedman, Esq.
       Court Administration

wss

OFFICE OF
PROTHONOTARY
CLERK OF COURTS
2015 DEC 23 PM 1:06
ENTERED FOR RECORD
PIKE COUNTY. PA

15

A 20