J-S88019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LSF8 MASTER PARTICIPATION TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SEAN P. HIGGINS | |
| Appellants | No. 1077 EDA 2016 |

Appeal from the Order Entered March 2, 2016
in the Court of Common Pleas of Bucks County
Civil Division at No(s): 2014-05665

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 31, 2017**

In this mortgage foreclosure action, Sean P. Higgins ("Appellant") appeals from the order entered March 2, 2016, granting LSF8 Master Participation Trust ("Appellee") summary judgment and awarding it judgment *in rem* for $334,000.08, plus interest and costs.  We affirm.

On July 3, 2003, Appellant executed a promissory note in favor of Appellee for the amount of $251,250.00.  **See** Promissory Note, 7/3/03, at 1-4.  The note was secured by a mortgage concurrently executed by Appellant, and delivered to Appellee on certain real property owned by Appellant located at 142 Durham Road, Tinicum Township, Bucks County, Pennsylvania, 18972-9768.  **See** Mortgage, 7/3/03, at 1-14.  The mortgage

_____

[*] Retired Senior Judge assigned to the Superior Court.

was assigned three times, with all assignments properly recorded.[1]  In March 2012, Appellant defaulted on the obligations due under the note by failing to make the required monthly payments.  **See** Account Summaries.

Appellee commenced the instant action in August, 2014.  Appellant filed preliminary objections to the complaint in the nature of a demurrer, arguing that Appellee was not the real party in interest, which the trial court overruled.  Appellant filed an answer to the complaint with new matter, making general denials or demands for strict proof, again arguing Appellee was not the real party in interest.  Appellee filed a reply to the new matter. In the course of discovery, Appellant admitted to signing the promissory note and mortgage.  **See** Objections and Response to Plaintiff's Request for Admissions, 6/29/15, at 4.

In November 2015, Appellee filed a motion for summary judgment. Appellant timely responded in the form of a "motion to strike."  In this motion, Appellant argued that the mortgage was not signed in the presence of a notary, and was therefore fraudulent and void.  **See** Appellant's Motion to Strike, 12/7/15, at 1.  Appellant reiterated the argument, previously

_____

[1] The mortgage was first assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") and recorded in the Office of the Recorder of Deeds for Bucks County in Book 4305, Page 1572.  **See** Assignment of Mortgage, 7/3/03, at 1-2.  It was then assigned to Household Finance Consumer Discount Company and recorded as instrument number 2012076873.  **See** Assignment of Mortgage, 9/14/12, at 1-2. Finally, it was assigned to Appellee and recorded as instrument number 2014008726.  **See** Assignment of Mortgage, 1/23/14, at 1-2.

rejected by the trial court, that Appellee was not legally entitled to enforce the note. The trial court granted the motion for summary judgment.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues:

1. Should the lower court have entered an order that granted summary judgment to [Appellee] when the parties were still engaged in discovery, and where [Appellee] failed to respond to [Appellant's] discovery, especially where there were material facts in dispute?

2. Should the lower court have entered an order that granted summary judgment to [Appellee] when there was no assignment attached of either the note or the mortgage to [Appellee] evidencing ownership or possession of the note or mortgage?

3. Should the lower court have entered an order that granted summary judgment to [Appellee] where [Appellee] failed to prove, and there was a dispute as to whether [Appellee] is a real party in interest under the Pennsylvania Uniform Commercial Code ("PUCC") that entitled [Appellee] to enforce the note, and therefore the mortgage?

4. Should the lower court have entered an order that granted summary judgment to [Appellee] as [Appellee] never proved it was the holder of the note, a nonholder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce the instrument pursuant to PUCC § 3309?

5. Should the lower court have entered an order that granted summary judgment to [Appellee] where [Appellee] never proved it was in possession of the original note and therefore, was maintain [sic] in foreclosure. ***See J.P. Morgan Chase Bank v. Murray***, 63 A.3d 1258, 1268 (Pa. Super. 2013).

Appellant's Brief at 4-5 (unnecessary capitalization and quotation marks omitted).

Our scope and standard of review of an order granting summary judgment are well-settled.

> [S]ummary judgment is properly granted where there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. Summary judgment may be granted only where the right is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*First Wisconsin Trust Co. v. Strausser*, 439 Pa. Super. 192, 198 (Pa. Super. 1995) (internal citations and quotations omitted).

Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013). Enforcement is proper even if questions remain as to the chain of possession, and questions as to that chain are immaterial to its enforceability so long as the holder can prove it holds said note. *Id*. The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57 (Pa. Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default,

the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. *Id.*

Appellant first claims that the court erred in entering an order granting summary judgment where the parties were still engaged in discovery and where genuine issues of material fact remained. Appellant's Brief at 15-17. Appellant points to three issues allegedly in dispute: 1) Appellee had not produced the original note, was not the real party in interest, and had no standing to bring the action; 2) Appellee had not complied with the notice requirements of Act 91; and 3) Appellee could not rest on an affidavit to support default.[2] Appellant's Brief at 18.

The trial court did not err in granting summary judgment prior to the formal close of discovery. Pa.R.C.P. 1035.2 provides that a party may move for summary judgment at any time whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery, or after the completion of discovery relevant to the motion.

With regard to discovery, in the instant case, Appellant had over a year in which to engage in discovery relevant to the case, or any issues he wished to raise. Appellee commenced this action in August 2014, but the record indicates that Appellant did not send discovery requests until October

---

[2] Citing in support *Nanty-Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932).

2015. Thus, the trial court did not abuse its discretion in granting summary judgment in favor of Appellee despite the fact that discovery had not closed. *See*, *e.g.*, *Jacques v. Akzo Int'l Salt, Inc.,* 619 A.2d 748, 750–51 (Pa. Super. 1993) (stating that a motion for summary judgment was not premature where plaintiff failed to conduct any discovery during the six month period between the plaintiff's filing of the complaint and the defendant's motion for summary judgment).

With regard to material facts in dispute, Appellant first avers that Appellee was not the real party in interest because it had not produced the original note. The Pennsylvania Rules of Civil Procedure provide that, except as otherwise provided, all actions shall be prosecuted by and in the name of the real party in interest. Pa.R.C.P. 2002(a). A real party in interest is a person who will be entitled to the benefits of the action if successful, and has the legal right under the applicable substantive law to enforce the claim in question. *See U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009). Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. 2016).

In a mortgage foreclosure action, the mortgagee is the real party in interest. *See Wells Fargo Bank, N.A. v. Lupori,* 8 A.3d 919, 922 n. 3 (Pa. Super. 2010); *see also* Pa.R.C.P. 1147 (requiring a plaintiff in a mortgage foreclosure action to name the parties to the mortgage and any

assignments). To establish standing in a mortgage foreclosure action, a plaintiff must plead ownership of the mortgage under Rule 1147, as well as possess the right to make demand upon the note secured by the mortgage. **Barbezat**, 131 A.3d at 69. A mortgagee must hold the note secured by a mortgage, as the note and mortgage are inseparable. **Id.** at 75 n.3.

Appellant relies upon **Murray** to support his argument that Appellee does not hold the original note. Appellant argues that **Murray** held that a plaintiff in a mortgage foreclosure action must provide requisite proof of its right to maintain the action, and questionable documents do not furnish sufficient proof. Appellant's Brief at 22 (citing in support **Murray**, 63 A.3d at 1268). **Murray** is distinguishable, as in that case, the plaintiff had not filed of record a copy of the note including the allonge until after the trial court granted summary judgment. **Murray**, 63 A.3d at 1266-1268. The defendant's assertions were based upon a visual inspection and contradictory evidence of record. **Id.** The record here is not in question, and the allonge was provided to the trial court for inspection prior to the grant of summary judgment.

We reject Appellant's contention that Appellee cannot establish ownership of the note. The note produced by Appellee identifies Appellant as the borrower and Equity Financial Inc. as the Lender. **See** Promissory Note. The note was endorsed by Equity without recourse to the order of Household Financial Consumer Discount Company. **Id.** The allonge

attached to the note endorses the note to Appellee. **See** Allonge at 1. Accordingly, the note, as negotiable instrument, entitles Appellee to enforcement of the obligation. **See** 13 Pa.C.S. § 3109(a); 13 Pa.C.S. § 3301. It is incumbent upon Appellant to establish one or more issues of fact arising from the evidence that controvert the evidence cited in support of the motion, and he has not established such a fact. **See Barbezat**, 131 A.3d at 69-70.

Second, Appellant argues that Act 91 Notice was deficient, because although Appellee attached an Act 91 notice to its motion, the certified mail receipt was blank. Appellant's Brief at 20. Thus, he avers he had no notice of default. **Id.** Appellant did not raise this issue in his Pa.R.A.P. 1925(b) statement, and thus, has waived it on appeal. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that any issues not raised in a 1925(b) statement will be deemed waived); **see also** Pa.R.A.P. 1925(b)(4)(vii).

Third, Appellant argues that the trial court erred in granting summary judgment where Appellee relied solely on an affidavit, in violation of the **Nanty-Glo** rule. This rule:

> prohibits summary judgment where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact except where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness.

*Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006) (citing *First Philson Bank, N.A. v. Hartford Fire Ins. Co.*, 727 A.2d 584, 587 (Pa. Super. 1999), appeal denied, 747 A.2d 901 (Pa. 1999)). In the instant case, the trial court properly concluded that the *Nanty-Glo* rule was not implicated, as Appellant admitted particular facts and has not sufficiently denied other facts.

Namely, Appellant admitted to signing the promissory note and that his signature appears on the mortgage. *See* Appellant's Responses to Request for Admissions at 4. Further, in foreclosure actions, general denials constitute admissions where specific denials are required. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466–67 (Pa. Super. 2014), *appeal denied,* 631 Pa. 722 (2015); *see also* Pa.R.C.P. 1029(a), (b). Appellant did not specifically deny default, but stated only that there was never a default declared under the note by the mortgagee who is the holder of the note. Accordingly, by his ineffective denials, Appellant admitted the material allegations of the complaint. *Id.* Thus, the trial court properly entered summary judgment on those admissions, and the *Nanty-Glo* rule did not apply, as the affidavit was not the sole piece of evidence relied upon for summary judgment.

Appellant's remaining allegations are merely restatements of his contention that Appellee was not the real party in interest, and did not hold the note. As we have already determined that this assertion is unavailing,

we need not address his remaining claims. Accordingly, the record shows that Appellee held the promissory note and the mortgage. Enforcement of that note was proper. **See Mallory**, 982 A.2d at 994. The trial court was in compliance with the **Nanty-Glo** rule and correctly entered summary judgment in favor of Appellee, as no material fact remained in issue as to any element of the foreclosure action. **See Cunningham**, 714 A.2d at 1057.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2017