J-S84033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOLDERS OF THE HARBORVIEW 2006-5 TRUST, NATIONSTAR MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NATASHA BOLIS AND GARY BOLIS, JR. | |
| Appellants | No. 1241 EDA 2016 |

Appeal from the Order Entered March 15, 2016
in the Court of Common Pleas of Chester County Civil Division
at No(s): 2014-06455

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JANUARY 31, 2017**

Appellants, Natasha Bolis and Gary Bolis, Jr., appeal from the order entered in the Chester County Court of Common Pleas granting Appellee, Deutsche Bank National Trust Company, as Trustee for Holders of the Harborview 2006-5 Trust, Nationstar Mortgage, LLC's, motion for summary judgment in this mortgage foreclosure action. Appellants contend the trial court erred in granting Nationstar Mortgage, LLC's motion for summary judgment because (1) Appellee Nationstar is not the real party in interest, (2) there are factual issues regarding the validity of the mortgage assignment, and (3) there is no evidence that Appellee Nationstar is in possession of the Note. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court summarized the facts and procedural posture of this case as follows:

> Deutsche Bank National Trust Company, as Trustee for Holders of the Harborview 2006-5 Trust (Original Plaintiff)'s Complaint alleged that the mortgage at issue was in default because monthly payments of principal and interest were due and unpaid from April 1, 2010 and each month thereafter. [Appellants] filed their Answer on August 19, 2014. On May 6, 2015 Original Plaintiff filed a Praecipe to Substitute Successor Party to substitute [Appellee Nationstar Mortgage, LLC]. The substitution was based on an assignment of the mortgage recorded with the Chester County Recorder of Deeds on July 22, 2014 at instrument number 11356593. [Appellee Nationstar] filed its Motion for Summary Judgment on January 27, 2016. [Appellants] filed their response on February 26, 2016. We granted [Appellee Nationstar's] Motion by Order dated March 14, 2016. [Appellants] filed their timely Notice of Appeal on April 13, 2016 as well as their timely Concise Statement of Matters Complained of on Appeal.

Trial Ct. Op., 6/7/16, at 1.

Appellants raise the following issue for our review:

> Did the lower court err in concluding that Nationstar Mortgage, LLC is the real party in interest where there is no evidence of record that Nationstar Mortgage, LLC is in possession of a duly endorsed Note and where the issue of the validity of the mortgage assignments raised questions of fact?

Appellants' Brief at 2.[1]

---

[1] We note that Appellants' Rule 1925(b) statement contains issues that are not raised on appeal. *See Gurley v. Janssen Pharm., Inc.*, 113 A.3d 283, 288 n.11 (Pa. Super. 2015) (holding issues raised in Rule 1925(b) and not addressed in the statement of questions or body of brief are abandoned on appeal).

Appellants argue that "[t]here is no evidence of record that Superior Home Mortgage Corp. assigned the Note to Bank of America, Deutsche Bank or Nationstar. . . . Whether the Note has been 'duly endorsed' to the benefit of Nationstar Mortgage is a question of fact which precludes the entry of summary judgment in [Nationstar's] favor." *Id.* at 7-8. Appellee Nationstar counters that it "is the current mortgagee, and thus has standing to proceed with this foreclosure action by virtue of assignment of the Mortgage executed July 10, 2014, and recorded July 22, 2014." Appellee's Brief at 8, citing R.R. at 30a-31a.[2]

Our review is governed by the following principles:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. . . .

---

2 For the parties' convenience, we refer to the reproduced record where applicable.

***Varner-Mort v. Kapfhammer***, 109 A.3d 244, 246-47 (Pa. Super. 2015)

(citation omitted).

> Rule 1029 of the Pennsylvania Rules of Civil Procedure provides:
>
> > (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.
> >
> > (c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.
> >
> > > Note: Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. ***See Cercone v. Cercone***, 254 Pa. Super. 381, 386 A.2d 1 (1978).
>
> Pa.R.C.P. 1029(b), (c).
>
> > Furthermore, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts. By his ineffective denials and improper claims of lack of knowledge, [the a]ppellant admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions.

***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 467 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015) (quotations marks and citations omitted) (emphasis added); ***accord First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995).

It is well-established that "the real party in interest" may prosecute a legal action. Pa.R.C.P. 2002(a). In *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65 (Pa. Super. 2016), the appellant contended appellee was not the real party in interest and lacked standing to bring the foreclosure action. The appellant claimed that appellee failed to establish that it possessed a valid assignment of the mortgage and that the note was assigned or transferred to appellee. *Id.* at 68. This Court opined:

> In a mortgage foreclosure action, the mortgagee is the real party in interest. This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note.
>
> * * *
>
> Here, appellee not only averred, but also produced evidence that it was the holder of the mortgage. Specifically, appellee alleged in its complaint that "[Appellee] is [a] proper party . . . by way of an Assignment of Mortgage recorded August 6, 2012 under Instrument 2012032210." Appellee produced copies of the original recorded mortgage and its recorded assignment to appellee. Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.
>
> * * *
>
> A note endorsed in blank becomes payable to "bearer" and may be negotiated by transfer of possession alone until specially endorsed. *See* 13 Pa.C.S.A. §§ 3109(a), 3205(b). The note as a negotiable instrument entitles the holder of the note to enforcement of the obligation. *See* 13 Pa.C.S.A. §§ 3109(a), 3301. Thus, appellant's

argument that ownership of the note cannot be established in appellee because there was no formal assignment or transfer is unavailing, because "the chain of possession by which [a party] c[o]me[s] to hold the [n]ote [is] immaterial to its enforceability by [the party]." [The a]ppellee, as the holder of the note, . . . was entitled to make demand upon and to enforce the obligations under the note. Accordingly, given appellee's uncontested ownership of the mortgage and possession of the note, the trial court did not err in concluding that appellee had standing as a real party in interest to bring the underlying foreclosure action.

*Id.* at 68-69 (some citations and footnote omitted).

Instantly, the trial court opined:

With regard to the Mortgage, the original mortgagee, Mortgage Electronic Registration Systems, Inc., as nominee for Superior Home Mortgage Mortgage Corp. assigned the Mortgage to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP (Bank of America), This assignment was recorded at book number 8274, page number 1834. Bank of America then assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for Holders of the Harborview 2006-5 Trust (Original Plaintiff). This assignment was recorded at book number 8491, page number 2229. As stated above, Original Plaintiff assigned the Mortgage to [Nationstar Mortgage, LLC]. This assignment is recorded at page [sic] number 8956, page number 2239. For some reason, Bank of America also assigned the Mortgage to [Nationstar Mortgage, LLC] and that assignment was recorded at book number 8834, page number 1143. Nevertheless, [Nationstar Mortgage, LLC] is the assignee of the Mortgage.

[I]n their Answer to the Complaint, [Appellants] denied the averments of the default and the amount of the default. However, those responses amount to improper general denials. . . . Finally, pursuant to Pa.R.C.P. 1035.3(a), the non-moving party may not rest upon the mere allegations in the pleadings, but must, in an answer to the motion,

> provide evidence to controvert the averments in the motion. [Appellants] have failed to provide evidence to controvert the affidavit supplied by [Appellee Nationstar] in its Motion for Summary Judgment.

Trial Ct. Op. at 2-3. We agree no relief is due.

In the case *sub judice*, as in **Barbezat**, Appellants, in their brief in support of their reply to Appellee's motion for summary judgment, attached the summary of the assignments of the mortgage from January 31, 2006, to the assignments to Nationstar. **See** Brief in Support of Defendants' Reply to Plaintiff's Motion for Summary Judgment, 2/26/16, at Ex. "A".[3] The assignment of the mortgage to Nationstar was included by Appellants in their reproduced record. **See** R.R. at 30a-31a. Appellee was the real party in interest with standing to bring the *in rem* mortgage foreclosure action. **See Barbezat**, 131 A.3d 68-69.

Appellants signed the Adjustable Rate Note which provided, *inter alia*, that "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" R.R. at 14a, 17a. The Affidavit in Support of Motion for Summary Judgment states: "Nationstar Mortgage, LLC directly or through an agent, has possession of the promissory note and held the note at the time of filing the foreclosure complaint. The promissory

---

[3] We note that the trial court's recitation of the assignments mirrors the contents of Appellants' Exhibit. **See** Trial Ct. Op. at 2.

note has been duly indorsed." *Id.* at 89a. Appellee was the holder of the note. *See Barbezat*, 131 A.3d 68-69.

In the mortgage foreclosure complaint, at paragraph 7, Appellee averred that it "is the current Mortgagee." *Id.* at 10a. Appellants responded as follows: "Denied. After reasonable investigation, [Appellants] are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of [Appellee's] Complaint and, therefore, deny said allegation." *Id.* at 26a. At paragraph 11, Appellee averred the amount due and owing on the mortgage. *Id*. at 10a-11a. In their answer to paragraph 11 of the complaint, Appellants responded as follows: "Denied. After reasonable investigation, [Appellants] are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of [Appellee's] Complaint and, therefore, deny said allegation." *Id.* at 26a.

Appellants' ineffective denials to Appellee's complaint were tantamount to admissions, permitting the trial court to enter summary judgment. *See Gibson*, 102 A.3d at 467. We discern no abuse of discretion by the trial court or error of law. *See Varner-Mort*, 109 A.3d at 246-47.

Order affirmed.

Judge Solano joins the memorandum. Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017