J-S43029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB, DBA CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISTION TRUST | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | No. 214 WDA 2018 |
| CHARLOTTE L. ELLISON, | : : | |
| Appellant | : | |

Appeal from the Order December 18, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-15-003644

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 29, 2019**

Appellant, Charlotte L. Ellison, appeals *pro se* from the Order entered in the Allegheny County Court of Common Pleas granting Summary Judgment to Appellee, Wilmington Savings Funds Society, FSB, D/B/A Christiana Trust, not Individually but as Trustee for Pretium Mortgage Acquisition Trust ("Appellee" or "WSFS"). We affirm.

On August 29, 2005, Appellant borrowed $50,503 from Washington Mutual Bank, FA, secured by a promissory note (the "Note") and mortgage (the "Mortgage"), on the property at 3534 Centralia Street, Pittsburgh, PA 15204. In 2007, Washington Mutual assigned the Note to Wells Fargo Bank, NA.

On April 28, 2010, Appellant and Wells Fargo entered a Loan Modification Agreement.

Beginning in July 2014, Appellant stopped making monthly mortgage payments. Wells Fargo complied with Act 91 and Act 6 requirements,[1] giving notice to Appellant that it intended to foreclose on the property. On March 6, 2015, Wells Fargo filed a Complaint in mortgage foreclosure against Appellant, annexing a copy of the promissory note signed by Appellant and a copy of the loan modification agreement. Appellant filed an Answer on March 23, 2015 in which she challenged the original assignment of the Note from Washington Mutual Bank to Wells Fargo, and contended that Wells Fargo Bank had refused to accept her payments.

On May 9, 2016, Wells Fargo assigned the Note and Mortgage to Appellee WSFS. On December 19, 2016, WSFS filed a Praecipe for substitution for party plaintiff.

On May 19, 2017, WSFS filed a Motion for Summary Judgment, to which Appellant filed a response on June 19, 2017. In her response, Appellant averred that "this cause of action exists due to the negligence of Wells Fargo Home Mortgage to accept timely payments and the question of the validity of the assignment of the mortgage exists." *See* Appellant's Objection to Motion for Summary Judgement, dated 6/19/17, at 2.

_____

[1] 35 P.S. § 1680.401(c) and 41 P.S. § 403, respectively.

On December 18, 2017, the trial court granted Appellee's Motion for Summary Judgment.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the trial court erred as a matter of law by concluding Wilmington is a proper party by way of assignment of mortgage recorded on May 9, 2016 when a sworn deposition exists which calls into question Wilmington's standing?

2. Whether the trial court erred as a matter of law by waiving the negligence issue regarding the failure of Wells Fargo to accept timely payments during normal business hours?

Appellant's Brief at 5.

An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. The issue of whether there are no genuine issues as to any material fact presents a question of law and our standard of review is *de novo*. **Weaver v. Lancaster Newspapers, Inc.**, 926 A.2d 899, 902-03 (Pa. 2007). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences in a light most favorable to the non-moving party. **Toy v. Metropolitan Life Ins. Co.**, 928 A.2d 186, 195 (Pa. 2007).

The party challenging a Motion for Summary Judgment may not rest upon allegations or denials of the pleadings. Instead, the adverse party must identify: "(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge

to the credibility of one or more witnesses testifying in support of the motion; or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3(a).

"Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof… establishes the entitlement of the moving party to judgment as a matter of law." *Cigna Corp. v. Executive Risk Indemnification Inc.*, 111 A.3d 204, 210 (Pa. Super. 2015). Thus, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014).

A note holder is entitled to enforce the note's obligations in a mortgage foreclosure action, regardless of the lack of a formal assignment or transfer of the note. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. 2016); 13 Pa.C.S. § 3301. The chain of possession by which holder came to hold the note is immaterial to its enforceability. *Barbezat*, 131 A.3d at 69.

In her first issue, Appellant challenges Appellee's standing. Appellant avers that because of an "admitted robo-signing" by an employee of Washington Mutual Bank, the assignment of the Note and Mortgage from Washington Mutual Bank to WFB was invalid, thereby invalidating all subsequent assignments. Appellant's Brief at 10.

Appellant predicates her "robo-signing" argument on deposition testimony given by Mr. Bryan Bly, an employee of Washington Mutual Bank, in a different proceeding in 2010. Appellant's Brief at 12-14. The record, however, contains no transcript of this deposition testimony. *See* Pa.R.A.P. 1911(d) (pertaining to effect of failure to supply transcript); *See also Smith v. Smith*, 637 A.2d 622, 623-24 (Pa. Super. 1993) (explaining that "it is black letter law in this jurisdiction that an appellate court cannot consider anything which is not a part of the record in the case," and that "a failure by an Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined.") (citations omitted).

Moreover, in light of Appellant's entering a loan modification agreement with Wells Fargo in 2010, and complying with that agreement for the next four years, Appellant's challenge to the assignment of the mortgage from Washington Mutual to Wells Fargo fails. *See Gibson*, *supra*, 102 A.3d at 465-66 (upholding grant of summary judgment in favor of mortgage holder after mortgagor challenged the mortgage's assignment, concluding that, "we are [also] persuaded by the fact that Appellant made payments on his mortgage [after assignment] to [Appellee] until his default. Only after [Appellee] began foreclosure proceedings did Appellant contend that the

mortgagee to whom he had been making payments was operating under an improperly transferred mortgage.").[2]

In her second issue, Appellant argues that Wells Fargo negligently failed to accept Appellee's attempted Mortgage payments during its standard business hours. Appellant's Brief at 11-12. She argues that the trial court erred when it found that Appellant waived this argument because she did not raise it until she filed her Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.

Our review indicates that Appellant did raise this issue in both her Answer to the Complaint and her written Opposition to Appellee's Motion for Summary Judgment. **See** Answer, 3/23/15, at ¶9; Opposition, 6/19/17, at 1. We, thus, disagree with the trial court's determination of waiver for failing to raise the issue in her Rule 1925(b) Statement.

We conclude, however, that based on her failure to develop her argument properly, Appellant waived the issue. Appellant does not cite to any evidence of record to support her bald assertion that Wells Fargo negligently failed to accept Appellant's attempted Mortgage payments during

---

[2] Appellant also argues that the assignment from Washington Mutual to WFB is invalid because of an improper notary signature. Appellant's Brief at 15. Appellant, however, did not raise this issue in her 1925(b) statement. Thus, it is waived. Pa.R.A.P. 1925(b)(4)(vii); **U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 997 (Pa. Super. 2018).

its standard business hours. Further, she provides absolutely no legal argument to provide any merit to her claim.[3] The failure to develop an argument with citation to legal authority and record evidence waives the issue on appeal. ***Bombar v. West American Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007). ***See also*** Pa.R.A.P. 2119 (briefing requirements). Accordingly, this issue is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2019

---

[3] Appellant similarly did not provide any evidence in support of this claim in the Answer to the Complaint or in her Opposition to Appellee's Motion for Summary Judgment.